Michele DESSI, Appellant,

v.

**PENNSYLVANIA RAILROAD COMPANY.**

No. 12261.

United States Court of Appeals Third Circuit.

Argued Nov. 19, 1957.

Decided Jan. 13, 1958.

Charles A. Lord, Philadelphia, Pa. (Richter, Lord & Levy, Philadelphia, Pa., on the brief), for appellant, Michele Dessi.

F. Hastings Griffin, Jr., Philadelphia, Pa. (Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

In this Federal Employers' Liability Act[1] case the appellant Dessi, plaintiff below, asks us to reverse a judgment entered for the defendant, notwithstanding a jury verdict for the plaintiff on his personal injury claim. The district court reasoned that the evidence offered no rational basis for a conclusion that the plaintiff's injury, in the language of the statute, "result[ed] in whole or in part" from the railroad's negligence. We must now decide whether there was a jury question on the issue of causation.

■ Plaintiff, a sixty-three year old mechanic, was rendered unconscious just after he had jacked up one corner of a railroad car. Neither he nor his helper, whose back was turned, nor anyone else, saw or knows just what happened. It was plaintiff's theory, and one of the possibilities under the evidence, that the handle of the jack suddenly moved in such a way as to strike plaintiff on the back of his head and to knock him unconscious. But beyond this the plaintiff had to provide the jury with some rational basis for concluding that some negligence of the railroad helped cause the jack handle to behave in this way. Gill v. Pennsylvania R. Co., 3 Cir., 1953, 201 F.2d 718.

■ There was evidence that for the operation in question the defendant had imprudently placed the car on a track where the ground was less firm than it was alongside nearby tracks customarily used for such work. But such lack of care in selecting a place for this work could be causally connected with the accident only if the jack sank into the ground or tilted somewhat, thus becoming "off-sprung" and causing the handle to fly up. All of the affirmative evidence on this point—and there was a substantial amount—indicated that this jack, which was mounted on a block, did not tilt or sink into the ground at all, but remained upright in proper position after the accident. And there was no such showing concerning the consistency of the ground

that a sinking could properly be inferred in the teeth of the uncontradicted affirmative evidence to the contrary. Cf. Pennsylvania R. Co. v. Chamberlain, 1932, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819. We conclude, therefore, that there is no evidentiary basis for a rational inference that the alleged behavior of the jack handle was to any extent caused by the condition of the ground upon which it was being used.

Next, it is suggested that some imperfection or defective condition of the jack, which reasonable inspection would have disclosed, caused an abnormal movement of the handle. But neither at trial nor on this appeal has any supposed defect even been identified, much less characterized as one which reasonable inspection might have disclosed. To the contrary, there was affirmative evidence that the jack was in good condition and working properly.

Again, there is some suggestion that prudence would have indicated the use of a heavier jack for this job. But it is agreed that the jack actually used was of fifteen ton capacity, and there is nothing from which one could rationally conclude that lifting one corner of a car a few inches, as was done here, was likely to or did in fact overburden the jack. There is no evidence whatever that the jack moved or shifted in any way or failed properly to sustain the weight it was supporting. It appears merely that after the plaintiff fell to the ground, the handle of the jack was also lying on the ground.

■ In these circumstances it has become necessary for the plaintiff to argue, as he does in his brief, "that if the plaintiff merely proved that there was a safer method of doing the job and he was then knocked unconscious and then saw the jack handle on the ground he would be entitled to have the jury pass upon the issue of whether the failure to adopt the safer method caused the accident *in part*." For this position plaintiff finds support in the view, recently expressed by the Court of Appeals for the Seventh Cir-

---

1. 45 U.S.C.A. § 51 et seq.

cuit, that "it will be seen from \* \* \* three cases decided in 1957 [Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Webb v. Illinois Central R. Co., 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed.2d 503; and Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed.2d 511] that the majority of the United States Supreme Court now take the position that jury verdicts under the F.E.L.A. can be permitted to stand even though based solely on speculation." See Gibson v. Elgin, J. & E. Ry. Co., 7 Cir., 1957, 246 F.2d 834, 837. Moreover, Mr. Justice Harlan, dissenting in the three cited cases, which were decided at the same time, said that their "implication seems to be that the question, at least as to element of causation, is not whether the evidence is sufficient to convince a reasoning man, but whether there is any scintilla of evidence at all to justify the jury verdicts." 352 U.S. 559, 564, 77 S.Ct. 478, 480. But, as we read Mr. Justice Brennan's majority opinions the Court did not purport to do, or view its decisions as doing, what the dissenting Justice thought was being done.

In the first of the group of three decisions, Rogers v. Missouri Pac. R. Co., 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, the Court had this to say about proof of causation under the Federal Employers' Liability Act:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." 352 U.S. at page 506, 77 S.Ct. at page 448.

This language indicates that the role of a defendant's negligence in helping bring about the injury may be small. It does not suggest that an F.E.L.A. plaintiff can carry his burden of proof without evidence that the role was real. Indeed, the paragraph containing the quoted sentence continues with this observation:

"Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death." 352 U.S. at pages 506–507, 77 S.Ct. at page 448.

The repeated use of the phrase "with reason"—it appears three times in this short paragraph—is a persuasive indication that the court intended no departure from the familiar and normal requirement of our jurisprudence, as repeatedly stated in its own rather recent decisions, that the party with the burden of proof must "present probative facts from which the negligence and the causal relation could reasonably be inferred." See Tennant v. Peoria & P. U. Ry. Co., 1944, 321 U.S. 29, 32, 64 S.Ct. 409, 411, 88 L.Ed. 520; Myers v. Reading Co., 1947, 331 U.S. 477, 485, 67 S.Ct. 1334, 91 L.Ed. 1615; and compare the rationalization in Lavender v. Kurn, 1946, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916.

It is also to be considered whether the more recent *per curiam* decisions in McBride v. Toledo Terminal Rd. Co., 1957, 354 U.S. 517, 77 S.Ct. 1398, 1 L.Ed.2d 1534 and Stinson v. Atlantic Coast Line R. Co., 78 S.Ct. 136, lend significant support to appellant's view of the Supreme Court's present position. Both of these *per curiam* opinions cite Rogers v. Missouri Pac. R. Co., supra, telling us no more than that, applying the Rogers rationale, the Court has found jury questions in these latest cases. They suggest no doctrinal departure from the Rogers case, upon which we already have commented.

Accordingly, we hold that the absence of evidence, either circumstantial or direct, tending to show that negligence of the defendant had any influence or effect in causing plaintiff's injury, justified the entry of judgment notwithstanding the verdict in this case. It is not necessary to consider the trial court's alterna-

tive position that even if judgment *non obstante* were legally incorrect, a new trial should be ordered.

The judgment will be affirmed.