**ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,**

v.

**William W. BOARTFIELD, Appellee.**

**No. 7575.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 24, 1958.

Decided March 29, 1958.

E. Ellison Walker and Julius W. McKay, Columbia, S. C. (McKay, McKay, Black & Walker, Columbia, S. C., on brief), for appellant.

Thomas J. Lewis, Jr., Atlanta, Ga., and R. K. Wise, Columbia, S. C. (Thomas J. Lewis, and Lewis & Lewis, Atlanta, Ga., on brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

This is a Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., case in which it appears that the plaintiff, a switchman, while dismounting from a boxcar, lost his footing and fell. Because of his resultant injuries, he brought this action, and, a trial having been had, a judgment was entered upon a verdict in his favor. In this appeal, the railroad contends that the evidence of negligence on its part is insufficient to support the verdict and that the record discloses that the accident was solely attributable to the negligence of the employee.

The plaintiff was a member of a switching crew, which, at the time, was placing cars at the platform of a furniture manufacturer at Sumter, S. C. His duties occasioned his moving from the manufacturer's loading platform to the other side of a string of empty cars which had been placed for loading. He stepped from the platform into one of the empty cars and undertook to jump to the ground from the open door of the car on the side away from the platform. He first looked for a hole, overgrown with grass, which he knew to be present, the location of which other employees of the railroad, at times, had marked with a stick. He sought to jump away from the hole,

but, in landing, he slipped and was injured.

The plaintiff testified that the ground, at the place of his fall, sloped upward from the service track to the higher main line, was thickly overgrown with grass and "covered with debris." Before jumping, he did not notice the presence of any soybean meal, but two of his fellow employees testified that, inspecting the place after the accident, they observed soybean meal on the ground and, in it, a mark which they said had been made by plaintiff's slipping foot. There was also testimony that soybean meal had been in the car from which the plaintiff jumped, that it was necessary to clean each car before it was loaded with furniture, that the cleaning was usually done at some other point in the yards, but, at other times, was done or completed after the cars had been placed at the manufacturer's platform. This cleaning operation suggests the reason for the general presence of debris in the area.

Shortly after the accident, the plaintiff gave a statement in which he attributed his fall to his own awkwardness. Having learned of the observations of his fellow employees, however, he testified at the trial that he landed and slipped in soybean meal which, as he reconstructed the events, had been thrown upon the ground when the car from which he jumped was cleaned.

Focusing its attention upon the testimony about the soybean meal, the railroad contends there is no testimony that it was slippery or which warrants a finding that its presence on the ground was hazardous, and, in any event, there was no testimony that it was placed on the ground under such circumstances, or had been there for a sufficient length of time, as to charge the railroad with knowledge of its presence.

In reaching its verdict, however, the jury need not necessarily have found that the presence of soybean meal, alone, was hazardous, nor should the railroad be heard to complain that it did not know that a particular item of litter was among the large amount of refuse and debris it knew, or should have known, was present. There was abundant testimony from which the jury could have found that the railroad was to be charged with knowledge of the existence of the hole, the presence of debris and the slope of the grass-covered ground. This, the jury could have found, constituted an unsafe place in which to work, and its maintenance by the railroad was negligent.[1]

That the condition of the ground contributed to the injury was a permissive inference. The jury might reasonably have concluded that the plaintiff, in "jumping away" from the known hazard of the hole, placed himself in an awkward position for landing. A grass-covered, litter-strewn slope might occasion a slip and a fall under the best of circumstances; that it did occasion this fall, at least in combination with the awkwardness of the plaintiff's alighting, is a rational conclusion.

This is a F.E.L.A. case, and our inquiry goes only to the question of whether or not any fault of the railroad contributed, even in the slightest, to the injury. Kernan v. American Dredging Company, 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382; Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Webb v. Illinois Central Railroad Co., 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed.2d 503; Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed.2d 511. See also Stin-

---

1. This was an area of daily use. Cars were regularly placed on a daily basis at this platform. It is established that the ordinary method of passing from the platform to the other side of the cars was the one selected by plaintiff. There was no requirement that he walk around the end of the string of cars or that he follow the course, fraught with possible danger, of crawling over the drawbars connecting two cars. It is clear that railroad employees, in the course of their duties, frequently jumped from boxcars to the ground in this area.

son v. Atlantic Coast Line Railroad Company, 355 U.S. 62, 78 S.Ct. 136, 2 L.Ed. 2d 93; Smalls v. Atlantic Coast Line Railroad Company, 348 U.S. 946, 75 S.Ct. 439, 99 L.Ed. 740; Shaw v. Atlantic Coast Line Railroad Company, et al, 353 U.S. 920, 77 S.Ct. 680, 1 L.Ed.2d 718; McBride v. Toledo Terminal Railroad Company, 354 U.S. 517, 77 S.Ct. 1398, 1 L.Ed.2d 1534; Ringhiser v. Chesapeake & Ohio Railway Company, 354 U. S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268; McCracken v. Richmond, Fredericksburg & Potomac Railroad Company, 4 Cir., 240 F.2d 484; New York Central Railroad Company v. Carr, 4 Cir., 251 F.2d 433.

There was testimony here from which the jury might reasonably have concluded, as it did, that the area was not reasonably and properly maintained and that the failure of the railroad to fill in the grass-covered hole and remove accumulated debris was negligence which contributed to the injury of the employee. Under the circumstances, the District Judge properly refused the railroad's motions for a directed verdict and for judgment notwithstanding the verdict.

Affirmed.

Chief Judge PARKER who concurred in this opinion died before its announcement.