**Frank FOX, Plaintiff-Appellee,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellant.**

No. 269, Docket 25274.

United States Court of Appeals Second Circuit.

Argued May 5, 1959.

Decided June 15, 1959.

Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y. (Gerald H. Henley and Howard G. Munson, Syracuse, N. Y., of counsel), for defendant-appellant.

Muserlian & Furtch, Syracuse, N. Y. (Peter Muserlian and Theodore F. Furtch, Syracuse, N. Y., of counsel), for plaintiff-appellee.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

GALSTON, District Judge.

This is an appeal by the defendant from a judgment entered in the United States District Court for the Northern District of New York. The action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, to recover damages for personal injuries sustained by the plaintiff. The verdict was in favor of the plaintiff in the sum of $25,000.

The defendant contends basically that there was no proof of any negligence on its part, and that the sole proximate cause of the accident was plaintiff's own voluntary act. Defendant also contends that there was error because the court refused a specific charge, and likewise error in the acceptance and rejection of evidence.

The complaint alleges that the plaintiff was employed by the defendant as a machinist and on the date in question, September 16, 1955, was injured in the engine house of the Railroad. On that day, in the course of his duties as a machinist, he was required to help check draft gear on a diesel locomotive of the defendant, and while so engaged sustained injury directly and proximately caused by the carelessness of the defendant. The answer of the defendant denies negligence and alleges that the accident and resulting injuries were caused or contributed to by the negligence of the plaintiff. The facts may be summarized as follows:

The engine involved was Diesel Engine 8283, which on the day of the accident was coupled to Diesel Engine 8284. These engines had been sent from the fuel plant of the engine house for the purpose of having a monthly inspection and of checking the engineman's report that there was slack between the units.

The draft gear portion of the pulling mechanism is located inside the engine and is visible only from underneath. The draft gear contains four springs, each of which weighs about forty pounds, and its purpose is to absorb the shock of coupling. The plaintiff, on the day of the accident and for thirty years prior thereto, was employed by the Railroad as a machinist. On September 16, the day of the accident, plaintiff reported for work at 7 a. m. and at about 10 a. m. was told by his foreman to perform a monthly inspection on the engines in question. This inspection required a check of the draft gear and in so doing he had to look under the car. He used a flash light and inserted a jimmy bar in an opening in the underneath side of the draft gear. The insertion of the jimmy bar led to a loud noise or explosion, and plaintiff was thrown to the concrete floor of the pit. Robert W. Mustard, also an employee of the Railroad, was the general foreman in the DeWitt diesel shop. As general foreman he was responsible for the entire operation of the shop. An inspection of the mechanism by Mustard led to his conclusion that one of the springs of the draft gear had, before the accident, hung up in a compressed position. In that position the draft gear does not operate as freely as it usually does. Mustard said that there was danger involved in checking any draft gear, for if stuck in a compressed position the gear is likely suddenly to snap back with great force to its proper position if touched with a bar, a finger, or the like. There is no proof that any notices had been posted in the engine house calling the attention of the employees to this type of danger. There was no proof that the knowledge of such danger was passed on to the plaintiff. Mustard himself had for ten or eleven years known of a condition such as springs slacking up in the draft gear, and of a dangerous situation existing if a bar were inserted in it.

■ Basically then the plaintiff charges failure of the defendant to inform him of the dangerous condition creating liability, and the jury found by its verdict that such negligence was a proximate cause of the injury to the plaintiff. Even assuming that there was contributory negligence on the part of the plaintiff, the jury's verdict must be accepted as a finding that the plaintiff's negligence, if any, was not the sole cause of the accident. The judge carefully charged the jury in respect to relevant sections of the Federal Employers' Liability Act, and there is ample authority in such circumstances as have been related for refusing to set the verdict of the jury aside.

The defendant claims reversible error in a refusal to charge "that under the facts in this case the defendant is not liable merely because there may have been a defect in the engine or draft gear, the engine having been in the shop for repairs." To that request the court said: "I will leave that under my general charge as to negligence. I will refuse to charge that."

The appellant's contention that a new trial should be granted because the court committed error in the acceptance and rejection of evidence is of no weight and without merit.

■ The judge had properly charged on the subject of negligence, and he might well have believed that had he charged in the terms requested it may have led the jury to conclude that since the engine was in the shop for repairs the defendant was not liable, since it was attempting to repair the defect. The matter, however, did not end there, for that did not establish that what the plaintiff did in attempting to repair the defect was without negligence of the defendant. Nor does any error appear to have been committed in the acceptance or rejection of evidence.

■■ The law is well understood as settled by the United States Supreme Court that the verdicts of juries are not lightly to be set aside. See Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, decided 1957. The court says, 352 U.S. at pages 506 and 507, 77 S.Ct. at pages 448, 449:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence. (Emphasis added.)"

See Bailey v. Central Vermont Railway, Inc., 319 U.S. 350, at page 353, 63 S.Ct. 1062, 87 L.Ed. 1444; Tiller v. Atlantic Coastline Railroad Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610; Lavender v. Kurn, 327 U.S. 645, at page 653, 66 S.Ct. 740, 90 L.Ed. 916; Tennant v. Peoria P. U. R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520. See also Schulz v. Pennsylvania Railroad Co., 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668.

The judgment of the district court is affirmed.

WATERMAN, Circuit Judge (dissenting).

I would reverse and order the verdict of the jury set aside. On the ground that the plaintiff's injury was solely caused by his own negligence the railroad moved at the close of the plaintiff's case for a non-suit, at the close of the en-

tire case for a non-suit and directed verdict, and after verdict moved to set the verdict aside and to have judgment entered for the defendant notwithstanding the verdict. Obviously the proofs in this case do not "justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury \* \* \* for which damages are sought." Rogers v. Missouri Pacific Railroad Co., 1957, 352 U.S. 500, at pages 506–507, 77 S.Ct. 443, at page 448, 1 L.Ed.2d 493.

The majority's summary of the trial evidence demonstrates this failure of proof. I enlarge their statement merely to point out that at the time of the accident plaintiff had been employed by the railroad as a machinist for thirty years (plus four years prior to that as a machinist's helper), that for nine years the railroad had used diesel engines, and that for nine years plaintiff's duties were to do all mechanical work on them. Therefore, plaintiff was not unacquainted with diesel mechanisms, and he certainly must have known the springing power of a compressed coil spring. Upon appeal the plaintiff has held his verdict by convincing a majority of the court that the defendant was negligent in failing to inform him, then a railroad mechanic of thirty-four years' experience, that, in order to cushion the shock of coupling, there were powerful coiled springs in the gear assembly here required to be examined; and that, when a powerful coiled spring gets stuck in a compressed position it is dangerous to insert a steel jimmy bar between the compressed coils because the compressed coils, when released, will spring back at the bar with enough pressure to endanger the workman who inserted it.

This "failure to warn" is the sole alleged ground of carrier negligence which my colleagues find worthy; and indeed is the only alleged ground plaintiff relied upon on the appeal. Surely the question of whether the failure to so warn this plaintiff was in the slightest degree railroad negligence proximately causing this accident should not have required any factual determination!

The basis of recovery under the Federal Employers' Liability Act is negligence, and the railroad is not an insurer of the safety of its employees. Unlike the situation under other statutes the fact of injury on the job does not by itself alone create employer liability. The plaintiff has the burden of proof to prove some common-law employer negligence by a fair preponderance of the evidence. It seems clear here that plaintiff was injured solely by his own voluntary act, and by an industrial accident unforeseeable on the part of the railroad. The causative choices that led to plaintiff's injury were all made only by him. Cf. Dessi v. Pennsylvania Railroad Co., 3 Cir., 1958, 251 F.2d 149, certiorari denied 1958, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1073; Barnett v. Terminal Railroad Association of St. Louis, 8 Cir., 1956, 228 F.2d 756, certiorari denied, 1956, 351 U.S. 953, 76 S.Ct. 850, 100 L.Ed. 1476.