## DAVIS v. BALTIMORE & OHIO RAILROAD CO.

No. 560.   Decided January 25, 1965.

*B. Nathaniel Richter, Charles A. Lord* and *Amos I. Meyers* for petitioner.

*Fenton L. Martin* for respondent.

PER CURIAM.

The petition for writ of certiorari is granted. The judgment of the Maryland Court of Appeals is reversed.

In this action under the Federal Employers' Liability Act, 45 U. S. C. § 51 *et seq.*, the petitioner was awarded damages by a jury in the Superior Court of Baltimore City. The Court of Appeals held that the issue of employer negligence should not have been submitted to the jury and that the trial court erred in denying the motions of the railroad for a directed verdict and for a judgment *n. o. v.*, 235 Md. 568, 202 A. 2d 348.

The petitioner worked for the railroad as a tallyman and trucker at its Locust Point terminal in Baltimore City. His foreman directed him to find some boxes of merchandise. While working on this assignment near an

open elevator shaft he fell into the shaft and one of the railroad's forklift trucks fell in on top of him. The crucial fact question in the case concerned the forklift truck. There was testimony that the petitioner had mounted the truck and backed it into the shaft. There was also evidence, however, which, if believed by the jury, would support a finding that the operator assigned to use the truck negligently left it unattended, and that it rolled toward the petitioner, either because it was not secured or because it was set in motion by an unauthorized third person, and struck petitioner in the back, propelling him into the shaft. In these circumstances, the Court of Appeals improperly invaded the function and province of the jury. *Rogers* v. *Missouri Pac. R. Co.*, 352 U. S. 500; *Gallick* v. *Baltimore & Ohio R. Co.*, 372 U. S. 108.

MR. JUSTICE HARLAN, concurring.

I continue to hold the views first expressed in my separate opinion in *Rogers* v. *Missouri Pac. R. Co.*, 352 U. S. 500, 559–562, and frequently reiterated since:* (1) cases of this kind are not the proper business of this Court; (2) once accepted for review, however, by the votes of at least four members of the Court, I deem it my duty to participate in their decision. On this basis I join the opinion of the Court.

MR. JUSTICE STEWART, concurring.

I share the views of MR. JUSTICE HARLAN. See *Sentilles* v. *Inter-Caribbean Shipping Corp.*, 361 U. S. 107, 111 (concurring opinion).

---

*E. g., *Gibson* v. *Thompson*, 355 U. S. 18, 19; *Crumady* v. *The Joachim Hendrik Fisser*, 358 U. S. 423, 429; *Harris* v. *Pennsylvania R. Co.*, 361 U. S. 15, 25; *Michalic* v. *Cleveland Tankers, Inc.*, 364 U. S. 325, 332; *Guzman* v. *Pichirilo*, 369 U. S. 698, 703; *Gallick* v. *Baltimore & O. R. Co.*, 372 U. S. 108, 122; *Dennis* v. *Denver & R. G. W. R. Co.*, 375 U. S. 208, 212.