430 F.2d 697
 Anthony S. PEHOWIC, Appellant,
v.
ERIE LACKAWANNA RAILROAD COMPANY.
 No. 18376.
 United States Court of Appeals, Third Circuit.
 Argued June 16, 1970.
Decided Aug. 12, 1970.
 
 Jan M. Schlesinger, Schlesinger, Manuel & Schlosser, Mount Holly, N.J., for appellant (Alfred A. Faxon, III, Mount Holly, N.J., on the brief.)
 James S. Cramer, Lamb, Blake, Hutchinson & Dunne, Jersey City, N.J., for appellee.
 Before McLAUGHLIN, STALEY and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 STALEY, Circuit Judge.
 
 
 1
 The plaintiff in this action, brought under the Federal Employers' Liability Act, 45 U.S.C. 51 et seq., appeals from an adverse judgment. At the close of the plaintiff's presentation of his case, the defense moved for dismissal for failure to prove a prima facie case. This motion was granted and judgment was entered dismissing the action.[1]
 
 
 2
 In 1963, Anthony Pehowic, the plaintiff, was employed as a trainman by the Erie Lackawanna Railroad Company. His duties required his presence at an area belonging to the Erie Lackawanna known as Chatham Yard. Prior to the incident in question, he had noted that the area of Track No. 1, adjacent or contiguous to the yard itself, was overgrown with vegetation. Brush and grass overhung the tracks and grew between the rails. He also noticed large concentrations of bees in the area. He stated that the presence of brush made it unsafe for anyone to ride on the sides of the cars. He testified that he notified the dispatcher's office of the presence of the brush and the bees and had requested permission to leave the area.
 
 
 3
 On the night of July 22, 1963, the crew of which Mr. Pehowic was a member was engaged in the operation of shifting cars in Chatham Yard. Mr. Pehowic stationed himself on the front running board of the engine as it backed out of the yard on Track No. 1. He testified that he could feel the brush as it struck his shoes. He felt a burning sensation in his chest and looked down and brushed a bee from his shirt. He became ill and was treated for a reaction to a bee sting.
 
 
 4
 In his complaint the plaintiff asserted that the railroad was negligent in causing or permitting him to work in a dangerous location; the negligence specifically alleged was the failure to trim the brush and undergrowth. This negligence was asserted to have contributed to his injury. In dismissing the action, the district court concluded as a matter of law that the jury could not reasonably infer that the defendant's negligence contributed to plaintiff's injury.
 
 
 5
 The procedural setting of this case requires us to view the evidence and all reasonable inferences therefrom in the light most favorable to plaintiff, Sano v. Pennsylvania R. Co., 282 F.2d 936 (C.A. 3, 1960).
 
 
 6
 A railroad has a non-delegable duty to provide its employees with a reasonably safe place to work, Shenker v. Baltimore & O.R. Co., 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963). Under the Act an employer is liable if the injury was caused in whole or in part by its negligence.
 
 
 7
 'Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence.' Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957).[2]
 
 
 8
 A review of the decisions of the Supreme Court with reference to the integrity of the jury's function in these cases,[3] keeping in mind the purposes of the Act and the liberal construction given it,[4] teaches that a trial court is justified in withdrawing such issues from the jury's consideration only in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee.
 
 
 9
 The district court concluded that there was no evidence from which the jury could infer a causal relation. Direct evidence is not essential. Circumstantial evidence is sufficient. Rogers v. Missouri Pacific R. Co., 352 U.S. at 508, n. 17, 77 S.Ct. 443, 449, 1 L.Ed.2d 493.
 
 
 10
 In Gallick v. Baltimore & Ohio R. Co., 372 U.S. 108, 113-114, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963), the Supreme Court held there was sufficient evidence to sustain the jury's finding that an insect bite had been caused by the employer's breach of duty. The Court characterized the issue as 'whether or not the insect was from or had been attracted by the pool' of stagnant water which had been present on the railroad property for some time. There was testimony by the plaintiff that he had seen similar such insects crawling on animal carcasses in the pool and testimony by medical witnesses that such pools attract and breed insects. Such circumstantial evidence was said to be sufficient to support a causal inference.[5]
 
 
 11
 In this case the railroad is chargeable with notice of the existence of the brush and the presence of the bees in large concentrations.[6] Mr. Pehowic testified that he had on a prior occasion notified the dispatcher and requested permission to leave the area because of these conditions. The railroad thus had notice of the existence of a hazardous condition, Inman v. Baltimore & Ohio R. Co., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959); Nivens v. St. Louis Southwestern R. Co., 425 F.2d 114 (C.A. 5, 1970). It is not unreasonable to conclude that some injuries from these conditions either separately or in combination were foreseeable by the employer, Gallick v. Baltimore & Ohio R. Co., 372 U.S. at 117-118, 83 S.Ct. 659, 9 L.Ed.2d 618. See also, Ringhiser v. Chesapeake & O.R. Co., 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268 (1957).
 
 
 12
 From the facts presented, the jury could reasonably conclude that the defendant's omission to mitigate these conditions was a breach of its duty to provide its employees with a reasonably safe place to work. Further, it could infer the existence of a causal relation between that breach of duty and the injury sustained by the plaintiff. Even though equally reasonable alternative inferences are supportable, such an analysis would not be unsupported in reason. Viewing the evidence in a light most favorable to the plaintiff, we conclude that it was error for the district court to enter judgment for the defendant.
 
 
 13
 Nothing we have said should affect the ultimate disposition of this case upon remand. We hold only that the evidence was sufficient to require its submission to a jury.
 
 
 14
 The judgment of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Although the order entered was in the form of an involuntary dismissal, it will be treated as a directed verdict under Rule 50(a), F.R.Civ.P., 28 U.S.C.A.; Sano v. Pennsylvania R. Co., 282 F.2d 936, 938 (C.A. 3, 1960)
 
 
 [2]
 To date, the Supreme Court has made it abundantly clear that it will summarily reverse when this standard has not been applied. In the following cases it has done so by per curiam opinion: Davis v. Baltimore & Ohio R. Co., 379 U.S. 671, 85 S.Ct. 636, 13 L.Ed.2d 594 (1965); Dennis v. Denver & Rio Grande W.R. Co., 375 U.S. 208, 84 S.Ct. 291, 11 L.Ed.2d 256 (1963); Basham v. Pennsylvania R. Co., 372 U.S. 699, 83 S.Ct. 965, 10 L.Ed.2d 80 (1963); Harrison v. Missouri Pacific R. Co., 372 U.S. 248, 83 S.Ct. 690, 9 L.Ed.2d 711 (1963); Conner v. Butler, 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10 (1959); Harris v. Pennsylvania R. Co., 361 U.S. 15, 80 S.Ct. 22, 4 L.Ed.2d 1 (1959); Moore v. Terminal R. Ass'n. of St. Louis, 358 U.S. 31, 79 S.Ct. 2, 3 L.Ed.2d 24 (1958); Ferguson v. St. Louis-S.F.R. Co., 356 U.S. 41, 78 S.Ct. 671, 2 L.Ed.2d 571 (1958); Honeycutt v. Wabash R. Co., 355 U.S. 424, 78 S.Ct. 393, 2 L.Ed.2d 380 (1958); Stinson v. Atlantic Coast Line R. Co., 355 U.S. 62, 78 S.Ct. 136, 2 L.Ed.2d 93 (1957); Gibson v. Thompson, 355 U.S. 18, 78 S.Ct. 2, 2 L.Ed.2d 1 (1957); Ringhiser v. Chesapeake & O.R. Co., 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268 (1957); McBride v. Toledo Terminal R. Co., 354 U.S. 517, 77 S.Ct. 1398, 1 L.Ed.2d 1534 (1957); Thomson v. Texas & Pacific R. Co., 353 U.S. 926, 77 S.Ct. 698, 1 L.Ed.2d 722 (1957); Deen v. Gulf, C. & S.F.R. Co., 353 U.S. 925, 77 S.Ct. 715, 1 L.Ed.2d 721 (1957); Shaw v. Atlantic Coast Line R. Co., 353 U.S. 920, 77 S.Ct. 690, 1 L.Ed.2d 718 (1957); Futrelle v. Atlantic Coast Line R. Co., 353 U.S. 920, 77 S.Ct. 682, 1 L.Ed.2d 718 (1957)
 It has likewise reversed by opinion in the following cases: Gallick v. Baltimore & Ohio R. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); Davis v. Virginian R. Co., 361 U.S. 354, 80 S.Ct. 387, 4 L.Ed.2d 366 (1960); Webb v. Illinois Central R. Co., 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed.2d 503 (1957).
 The Court held that no jury question was presented by the evidence in the following cases: New York, N.H. & H.R. Co. v. Henagan, 364 U.S. 441, 81 S.Ct. 198, 5 L.Ed.2d 183 (1960) (per curiam); Inman v. Baltimore & Ohio R. Co., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959).
 For a compilation of earlier cases relating to sufficiency of the evidence in FELA cases, see Appendix B to the dissenting opinion of Mr. Justice Frankfurter in Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 549, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957).
 
 
 [3]
 Cases cited note 2, supra
 
 
 [4]
 Sinkler v. Missouri Pacific R. Co., 356 U.S. 326, 329, 78 S.Ct. 758, 2 L.Ed.2d 799 (1958); Kernan v. American Dredging Co., 355 U.S. 426, 438-439, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958); Rogers v. Missouri Pacific R. Co., 352 U.S. at 507-510, 77 S.Ct. 443
 
 
 [5]
 See Mr. Justice White's discussion of the sufficiency of evidence on causation, citing Schultz v. Pennsylvania R. Co., 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668 (1956); Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946); and Tennant v. Peoria & P.U.R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944). Gallick v. Baltimore & Ohio R. Co., 372 U.S. at 114-116, 83 S.Ct. 659
 
 
 [6]
 The defendant argued both in the district court and before this court that it could not be chargeable with control over the movement of bees which are creatures of nature. It further argued that the jury would be required to speculate concerning the origin of the particular bee which stung the plaintiff. It is urged that the bee could have come from the wooded areas paralleling the railroad's property, property over which it had no control. Plaintiff's theory is that the bee came from the brush or grass growing between or overhanging the tracks. These differing theories are for a jury's consideration. A jury could, with reason, have found for the plaintiff, especially since there was testimony that there were large concentrations of bees in that locale. Further, it is common knowledge that bees are present in vegetation and normally attack only when disturbed. It is also common knowledge that bees do not fly at night, unless disturbed
 That some measure of speculation would be required does not affect the integrity of the jury's function. Some speculation by the jury is present in most cases. Lavender v. Kurn, 327 U.S. at 653, 66 S.Ct. 740, 90 L.Ed. 916.