Argued December 2, 1970, affirmed February 24, 1971

KELLEY, *Appellant, v.* UNION PACIFIC
RAILROAD CO., *Respondent.*

481 P2d 56

*Carlton R. Reiter*, Portland, argued the cause for
appellant. With him on the briefs were Glenn H. Pro-
haska, and Reiter, Day, Wall & Bricker, Portland.

*Walter J. Cosgrave*, Portland, argued the cause for respondent. With him on the brief were Randall B. Kester, and Maguire, Kester & Cosgrave, Portland.

Before O'CONNELL,* Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for injuries sustained while in the employment of the defendant. The action was based upon the Federal Employers' Liability Act (FELA), 45 USC § 51.[①] Plaintiff appealed from a judgment for defendant which was entered pursuant to a jury verdict.

The sole assignment of error is the giving of the italicized portion of the following instruction:

> "Preponderance of the evidence means the greater weight of the evidence, not necessarily the greater volume of the evidence but the more convincing evidence. It may be defined as requiring proof that the facts asserted were more probably true than false. *You are to consider the evidence as though it were being weighed on a scale and if upon any issue in the case, the evidence appears to be equally balanced or if you cannot say upon which side it weighs the heavier, you should resolve the issue against the plaintiff upon whom the bur-*

---

* O'Connell, C. J., did not participate in the decision of this case.

① "Every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

*den of proof rests. Mere speculation or guesswork will not suffice to prove any issue in this case.* The law does not require demonstration, that is, such a degree of proof as, excluding the possibility of error produces absolute certainty because such proof is rarely possible. A preponderance of evidence, as that term has been defined by me, only is required."

Plaintiff contends that the instruction is erroneous because a plaintiff's burden of persuasion in an FELA case is "something less" than a preponderance of the evidence. He bases his contention upon a series of decisions of the United States Supreme Court, commencing with *Lavender v. Kurn,* 327 US 645, 66 S Ct 740, 90 L Ed 916 (1946), and including *Rogers v. Missouri Pacific R. Co.,* 352 US 500, 77 S Ct 443, 1 L Ed 2d 493 (1957). Illustrative of the language which leads plaintiff to his present contention is the following excerpt from *Rogers:*

"Under this statute, *the test of a jury case* is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that *a case for the jury is made out* whether or not the evidence allows the jury a choice of other probabilities." (Emphasis ours.) 352 US at 506-07.

It is not quite clear what plaintiff's "something less" is. He says that "the plaintiff * * * must only prove that the facts asserted could have happened or were reasonably possible. In other words, the jury might be persuaded by the 'lightest' weighing piece of evidence that plaintiff is entitled to recover." If plaintiff is saying that the jury must be told that, if there is any evidence to sustain plaintiff's position, plaintiff must prevail, we are sure he is wrong. If such were the situation, there would be no object in submitting an FELA case to a jury, because any case sufficient to go to the jury would automatically amount to a directed verdict for plaintiff. Plaintiff says that a jury can be persuaded by the "lightest" piece of evidence. This is a play on words. The jury was properly told that "weight" referred to the convincing power of the evidence.

The cases relied upon by plaintiff[9] are all cases concerning what constitutes sufficient evidence to submit an FELA case to the jury, as the quoted excerpt from *Rogers* indicates. The difficulty with plaintiff's position is that it confuses the test for determining when a case is submissible to a jury with the degree of persuasion plaintiff must establish in the minds of the jury before they may return a verdict for him. Plaintiff purports to see in the language of the cases upon which he relies some lessening of the burden of persuasion imposed upon a plaintiff in FELA cases, as compared with the burden imposed on a plaintiff at common law. Although there is sufficient ambiguous language in these cases to cause plaintiff to make

[9] In addition to those cases cited in the body of the opinion, *see* Davis v. Baltimore & O. R. Co., 379 US 671, 85 S Ct 636, 13 L Ed 2d 594 (1965); Dennis v. Denver & Rio Grande R. Co., 375 US 208, 84 S Ct 291, 11 L Ed 2d 256 (1963); Gallick v. Baltimore & Ohio R. Co., 372 US 108, 83 S Ct 659, 9 L Ed 2d 618 (1963).

such a contention,[9] the fact remains that, in each instance, such language was used in deciding whether there had been sufficient evidence to submit a case to the jury. Therefore, we do not read the cases as plaintiff reads them.

The judgment of the trial court is affirmed.

---

[9] Apparently, plaintiff's lawyer unsuccessfully attempted to make the same contention in the case of Caplinger v. N. P. Terminal of Oregon, 244 Or 289, 418 P2d 34 (1966).