[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant action is one brought under title 45 U.S.C.A. 51
et seq. (Federal Employers Liability Act).
The plaintiff, employee of the defendant, alleges in substance that he was injured during the course of his employment as a result of the employer's negligence. The defendant admits that the plaintiff was performing the duties of his employment at the time he was injured but denies that it was negligence and affirmatively alleges that the plaintiff himself was negligent.
The Amended Complaint dated July 24, 1990 alleges the injury occurred on January 27, 1984 at which time the plaintiff was directed "to raise the track by jacking the track up (para. 5) and that the employer was negligent inter alia in that it "engaged in jacking up the track by attempting to utilize three jacks operating in unison. . . ." (emphasis added)
The plaintiff, an experienced laborer who had used jacks of the type involved herein many times, testified in support of the allegations of the complaint that the incident occurred as he was in the process of jacking up the track. The jacks were a relatively simple device with which the plaintiff was familiar having used same for several years without incident. The witness Burns testified that the incident happened during the "jacking up" process as did the witness Cherenzia (Transcript of previous trial). There was unpersuasive testimony to the effect that the injury occurred CT Page 8962 while the jacks were being lowered.
There was no evidence that the equipment was flawed in design or construction, improperly maintained, was unsuitable for the task in question or that it did not operate properly.
There was no convincing evidence that the procedure used to jack up the track was unacceptable.
Plaintiff's expert, John Fitzgerald employed a factual situation as the predicate of his testimony which was completely contrary to the plaintiff's testimony and theory of the case set forth in the complaint. The expert assumed that the jacks were being lowered at the time. He criticized the method employed to lower the jack. He did not criticize the equipment in terms of design, construction, suitability for the task at hand or its maintenance. He expressed the opinion that the method used to lower the jacks was not reasonably safe which opinion was unconvincing. Mr. Fitzgerald made no comment concerning the equipment or methods used to raise the jack.
The FELA does not make the railroad an absolute insurer against injuries suffered by its employees but only imposed liability for the employer's negligence. Baltimore Ohio R. Co. v. Taylor, 589 N.E. 2nd 267, 271. Thus in an action under the statute the plaintiff must prove that his injury resulted from the negligence of the defendant. Pry v. Alton Southern R. Co., 59 N.E. 2nd 484, 499. In Rogers v. Missouri Pacific R. Co., 352 U.S. 500, a FELA case, the court indicated in part that "the test is simply whether the proofs justify . . . the conclusion that employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought" (emphasis added) also see Beeber v. Norfolk Southern Corp., 754 F. Sup. 1364; Baltimore Ohio R. Co. v. Taylor, supra.
The use of the word "slightest" has been the source of confusion. Said term refers to the quantum of evidence required to make out a prima facie case and not to the burden of proof at trial. Kelley v. Union Pacific Railroad Co., 481 P.2d 56.
The burden of proof for the requisite elements of the FELA cause of action is a preponderance of the evidence. See Modern Federal Jury Instructions by Sand, Siffert, ReiNs, Sexton Thorpe 89.02 (and Instruction 73-2); Meyers v. Union Pacific Railroad Company, 738 F.2d 328, 332. Also see 28 FRD 401, 494
CT Page 8963 (Mathes). There is no lesser degree of the burden of persuasion (burden of proof) on a plaintiff in FELA cases than there is on a plaintiff in most other civil actions. Modern Federal Jury Instructions, supra; Kelly v. Union Pacific Railroad Co., supra.
Further complicating this matter is the injury picture. Although Dr. Sorrentino did testify that the problems for which he were causally related to an incident of trauma which occurred on January 27, 1984, a report dated April 8, 1986 prepared by him (Exhibit 3) described the condition as a developmental anomaly. Said report further indicated that the plaintiff was being treated for the "surgical correction of facial-cranial skeletal development growth deformity" without comment or reference to any injury of dislocation of discs in the TMJ as a result of an incident of trauma. The court concludes that the problem for which the plaintiff was treated was a developmental anomaly (growth deformity) unrelated to any traumatic experience.
A careful review of all the evidence leaves the court with a sense of ambivalence with respect to the factual scenario and resultant inability to evaluate same in terms of negligence on the part of the employer.
In a post trial motion to Amend the Complaint the plaintiff alleges in part ". . . the jacking process utilized in raising and lowering the track was unsafe." (Emphasis added) Said assertion further adds to a sense of ambivalence.
The plaintiff has not sustained his burden of proof with respect to the issue of liability.
Judgment may enter in favor of the defendant.
Flanagan, Referee.