**Virgil HERDMAN, Appellant,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Appellee.**

**No. 12431.**

United States Court of Appeals Sixth Circuit.

Dec. 13, 1955.

 

official report signed by him after the accident stated that the emergency stop had been made to avoid striking an automobile at a grade crossing.

We think the district judge correctly performed his duty in directing a verdict for the appellee. There was "a complete absence of probative facts to support the conclusion" of negligence. Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916. And negligence remains the sole basis of liability under the Federal Employers' Liability Act. Tiller v. Atlantic Coast Line R. Co., 1943, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610.

The judgment is affirmed.

---

Donald S. McNamara, Kenneth Agee, Columbus, Ohio, for appellant.

Robert L. Barton, Columbus, Ohio, for appellee.

Before SIMONS, Chief Judge, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

Appellant is a freight conductor employed by the appellee railroad company. He brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for injuries he received while riding in the caboose of a freight train in the course of his employment. This appeal is from the judgment of the district court entered upon a directed verdict for the appellee railroad.

The appellant himself was his only witness at the trial. He testified that his injuries were received when he was thrown to the floor of the caboose by an emergency stop made by the train at a time when it was proceeding at a speed of from eight to ten miles an hour. An