HERDMAN v. PENNSYLVANIA RAILROAD CO.

No. 46.  Argued December 4, 1956.—Decided February 25, 1957.

*Donald S. McNamara* argued the cause for petitioner. On the brief was *J. Paul McNamara*.

*John A. Eckler* argued the cause for respondent. With him on the brief was *Robert L. Barton*.

MR. JUSTICE BRENNAN delivered the opinion of the Court.

In this Federal Employers' Liability Act [1] case, the Court of Appeals for the Sixth Circuit affirmed the judgment of the District Court for the Southern District of Ohio, which was entered on a directed verdict in favor of the respondent.  The Court of Appeals agreed with the District Court that there was a complete absence of probative facts to support the conclusion of negligence. [2]

---

[1] 35 Stat. 65, as amended, 36 Stat. 291, 53 Stat. 1404, 45 U. S. C. § 51 *et seq.*

[2] 228 F. 2d 902.

This Court granted certiorari to determine whether the petitioner was erroneously deprived of a jury determination of his case.[3]

The petitioner was the conductor in charge of a 67-car freight train which on February 1, 1951, was en route from Richmond, Indiana, to Columbus, Ohio. He was in the caboose at the end of the train when it came to a sudden stop about three miles before a scheduled stop in Dayton, Ohio. He brought this action for damages for injuries allegedly suffered from a fall in the caboose which occurred when the train stopped. He testified: "Well, we were coming through there at a slow like speed and I don't know what went wrong, the train went in emergency and threw me into this table and tore it up and I was up on the floor with my flagman on top of me, when we finally got straightened up." He immediately left the caboose and satisfied himself that the stop was not caused by a mechanical failure of the braking equipment, but rather that the engineer had applied the brakes to bring the train to a stop. At the end of the run, he filed his routine conductor's report of the incident. He read that report into the record, without objection, during his cross-examination. The report states: "CN 28, Engine 8800 and 5680 moving east through Dayton, with 67 cars, at estimated speed of eight or ten miles per hour. Automobile drove over crossing just east of Dayton Rubber Works. To prevent striking automobile engineman applied air in emergency causing rough stop. I was standing in cabin observing air gauge and when stop was made knocked me to floor of cabin bruising my hip." He also stated that the engineer had told him that there were school children in the automobile. There was no evidence that the stop was made with any special or unusual severity.

---

[3] 351 U. S. 906.

The sole issue raised is whether a jury question was presented by the evidence under the doctrine of *res ipsa loquitur*. We agree with the lower courts that a jury question of negligence was not presented by the proofs. The proofs do not meet the tests laid down by this Court in *Jesionowski* v. *Boston & M. R. Co.*, 329 U. S. 452. The employee's injuries in the *Jesionowski* case resulted from a derailment. This Court held that derailments are "extraordinary, not usual, happenings," so that when they occur "a jury may fairly find that they occurred as a result of negligence." [4]

In this case, there is no evidence to show that unscheduled and sudden stops of trains are unusual or extraordinary occurrences. In fact, the only evidence was petitioner's testimony that they are not unusual or extraordinary. He testified: "We got to expect them or think about them." The facts of this occurrence thus do not warrant the inference that the respondent was negligent.

The judgment is

*Affirmed.*

[For dissenting opinion of MR. JUSTICE FRANKFURTER, see *post*, p. 524.]

[For opinion of MR. JUSTICE HARLAN, concurring in this case, see *post*, p. 559.]

---

[4] *Jesionowski* v. *Boston & M. R. Co.*, 329 U. S. 452, 458.