SHANNON, Judge.
This appeal arises from a negligence action in which Wilton Norris, the appellee, recovered a judgment against the City of Tampa, the appellant, in the sum of $5,000. In addition to a general denial of the negligence alleged, the defendant set up the affirmative defenses of contributory negligence, assumption of the risk, and fellow servant.
The plaintiff, in his complaint, charged that an employee of the defendant “ * * carelessly and negligently brought said truck to a sudden stop, thereby causing the plaintiff to be thrown against a metal framework located in said truck body at the rear of the cab of said truck, * * *
The court denied a motion for a directed verdict at the conclusion of all the testimony and, likewise, denied defendant’s motion for verdict and judgment filed after the verdict, and it denied defendant’s motion for a new trial. The question of the defense of the fellow servant has apparently been abandoned.
On the question of primary negligence there is no material conflict in the evidence. The plaintiff, appellee, was a prisoner in the City of Tampa, and as such, he had volunteered to work upon a garbage truck of the City of Tampa. By thus volunteering, a certain time would be taken off his sentence. It is further apparent that he had ridden the same route, on which the garbage truck was proceeding at the time of the accident, some two or three weeks before the accident happened. On the night of the occurrence, the truck had, as usual, stopped in the back of Payless Drug Store. The plaintiff was in the truck and, when the truck proceeded to start, he was standing on some boxes at the rear of the cab and facing away from it. The truck driver could not see the plaintiff. The truck had to go about 150 feet where it would stop and pick up garbage from the rear of another store. It was on this strip that the plaintiff alleges the truck came to a sudden stop and, consequently, injured him. There is no evidence on the plaintiff’s part at what speed the truck was going nor was there anything shown in the record from which a jury could infer that the truck was not driven in the usual fashion, just as it had been on previous occasions when the plaintiff was on it.
This court is called upon to decide, under the circumstances, whether the sudden stop without any explanation made out a case of negligence to go to the jury.
We have been cited numerous cases where a passenger has obtained judgment against a carrier for sudden stops and jolts. But, these cases are ones wherein the passenger did not know and was not charged with the knowledge of the condi *32 tions existing. And, in particular, he did not know that the conveyance, on which he was riding, was about to stop. In the transportation cases, there was a higher degree of care required than we have here but, in view of the fact that we are now looking at the question of the primary negligence of the City, these cases are not in point.
In Byers v. Gunn, Fla.1955, 81 So.2d 723, 725, the facts, as shown in the court’s opinion, were:
“ * * * She started slowly but increased her speed until, according to various witnesses, she reached a speed varying from 15 to 40 miles per hour. Having proceeded around a corner and about two-thirds of another block, the driver of the car undertook to bring it to a stop, for the reason, as she stated, that 'they couldn’t ride around like that all day’. Apparently, she stepped on the brake twice. The first time the car did not come to a complete stop whereupon the boys stated they began to call out to her to stop the car. She then brought the car to a full stop. After she stepped on the brake the first time, the girl on the fender, Rachel Gunn, fell off and was severely injured.”
In the Byers case, supra, not only were the factors present that were not present in the instant case but, the sudden unexpected stop was one which the plaintiff had no reason to anticipate while in the instant case, the plaintiff knew that the truck had stopped at the back of Payless Drug Store and, as usual, then proceeded to the rear of the B & B store, about 150 feet distant. That is what the truck had invariably done, and no evidence was received denying it, and plaintiff had ridden with the truck before, and so, we have the proposition that other than showing a sudden stop at a speed the plaintiff does not know combined with the truck’s stopping at the usual place, is, or is hot, negligence.
In Herdman v. Pennsylvania Ry., 1957, 352 U.S. 518, 77 S.Ct. 455, 456, 1 L.Ed.2d 508, an employee was riding in the caboose of a freight train. The train stopped suddenly and the plaintiff was injured. In a suit brought by him the Court instructed a verdict for the railroad. The Supreme Court said:
“In this case, there is no evidence to show that unscheduled and sudden stops of trains are unusual or extraordinary occurrences. In fact, the only evidence was petitioner’s testimony that they are not unusual or extraordinary. He testified: ‘We got to expect them or think about them.’ The facts of this occurrence thus do not warrant the inference that the respondent was negligent.”
In view of the fact that we are deciding this case squarely on whether or not the defendant was negligent, we deem it unnecessary to consider whether the plaintiff was guilty of contributory negligence or had assumed the risk.
We hold that the court below erred in failing to direct a verdict for the defendant at the conclusion of all the evidence.
Reversed.
KANNER, C. J., and ALLEN, J., concur.