**DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, Appellant,**

v.

**Erma Maxine CONLEY, Administratrix of the Estate of Leslie S. Conley, deceased, Appellee.**

**No. 6657.**

United States Court of Appeals
Tenth Circuit.

July 21, 1961.

Leo S. Altman, Pueblo, Colo. (T. A. White, Kenneth D. Barrows, Jr., and Royce D. Sickler, Denver, Colo., were with him on brief), for appellant.

V. G. Seavy, Jr., Denver, Colo. (Anthony F. Zarlengo, Denver, Colo., and Clyde C. Patterson, Odgen, Utah, were with him on brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

Defendant-railroad is appealing from the trial court's judgment in an action arising under the F.E.L.A., 45 U.S.C.A. § 51 et seq., awarding plaintiff damages for the death of her husband.

The undisputed facts show that while in the course of his employment with the railroad, decedent received injuries to his back when a switch engine on which he was riding passed over a faulty section of track, on which a rail broke, causing him to be thrown to the ground. The track in question was neither owned nor maintained by defendant. Some time later, decedent was advised to have an operation on his back, during the course of which a tooth was jarred loose from his mouth, causing infection which resulted in his death from pneumonia.

It is defendant's argument that the trial court incorrectly submitted the case to the jury, after its motion for directed verdict, for lack of proof that it failed to provide decedent a safe place to work; that it had chargeable knowledge of the unsafe condition of the track; or that the accident was the proximate cause of the death. In sum, defendant contends that the evidence was insufficient to take the case to the jury, or to sustain the verdict.

The fact that the employer-railroad did not own or maintain the premises on which the employee was injured in the course of his employment did not relieve it of the legal duty to provide him with a safe place to work. See Terminal R. Ass'n of St. Louis v. Fitzjohn, 8 Cir., 165 F.2d 473, 1 A.L.R.2d 290. See also Beattie v. Elgin, Joliet & Eastern Ry., 7 Cir., 217 F.2d 863; Kooker v. Pittsburgh & Lake Erie R. Co., 6 Cir., 258 F.2d 876. Whether or not the track was unsafe, and defendant's knowledge of that condition was a factual matter for the jury, Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 510, 77 S.Ct. 443, 1 L.Ed.2d 493; Urie v. Thompson, 337 U.S. 163, 178, 69 S.Ct. 1018, 93 L.Ed. 1282; and we may overturn its verdict "only when there is a complete absence of probative facts * * *." Fleming v. Kellett, 10 Cir., 167 F.2d 265, 266; Herdman v. Pennsylvania R. Co., 352 U.S. 518, 77 S.Ct. 455, 1 L.Ed.2d 508. In our case, there was ample proof that the rail had become dangerously deteriorated after more than 30 years use, and the duty the law imposed upon the railroad to inspect the tracks over which it moves its trains imputes to it constructive knowledge of the unsafe condition. See Beattie v. Elgin, Joliet & Eastern Ry., supra, 217 F.2d at page 866.

Defendant's argument that it is free from liability because decedent's death directly resulted from the injury occurring on the operating table rather than at the rail yard is likewise unconvincing. For it is the generally accepted rule that a master's liability extends to such injuries when its negligence placed the employee in a position of necessarily relying upon the services of third persons. See Kansas City Southern Ry. Co. v. Justis, 5 Cir., 232 F.2d 267, 60 A.L.R. 2d 628; Restatement, Torts, § 457; Jess Edwards, Inc. v. Goergen, 10 Cir., 256 F.2d 542, 544; Harris v. Brian, 10 Cir., 255 F.2d 176; Annotation, 126 A.L.R. 912.

The judgment of the trial court is therefore affirmed.