Stanley **BARBOZA**, Plaintiff, Appellee,

v.

**TEXACO, INC.**, Defendant, Appellant.

No. 7603.

United States Court of Appeals, First Circuit.

Nov. 6, 1970.

Blair L. Perry, Boston, Mass., with whom Hale & Dorr, Boston, Mass., was on brief, for appellant.

Robert E. McCarthy, Boston, Mass., with whom Feeney & Malone, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## ON PETITION FOR REHEARING

ALDRICH, Chief Judge.

The sole question on this appeal by the defendant in a suit brought under the Jones Act, 46 U.S.C. § 688, is whether the jury was warranted in finding negligence. In an unpublished memorandum, we dismissed the appeal as frivolous. Defendant has filed so vigorous a petition for rehearing that we depart from our usual practice and respond with a full opinion.

The evidence was brief. Plaintiff, employed by the defendant as a pantry man on the vessel Texaco Minnesota, slipped on zucchini squash while descending a stairway, and was injured. Squash was found on his foot and on two steps of the stairway. Defendant contends that there was no basis, other than speculation, for determining whether plaintiff had himself tracked the squash onto the stairs and then slipped, or whether the squash had been there before his arrival. The jury apparently believed the latter, and further believed either that it had been tracked there negligently by another employee, or that the galley man responsible for cleaning the stairs had been negligent in permitting the squash to remain there. Admittedly, there was little evidence as to any of these matters. The evidence supporting the inferences was plaintiff's testimony that he had cleaned his shoes on a mop ten minutes earlier, and that he "couldn't possibly have" tracked the squash onto the stairs himself. There was also evidence that the galley man had descended the stairs within the hour before plaintiff's fall.

■ Defendant's counsel asserts that he has made an exhaustive study of Massachusetts decisions, and that when the evidence does not support an inference of fact, or of negligence, as being more likely than not, the jury cannot be permitted to draw the inference. It is clear, however, that federal, not Massachusetts, law governs Federal Employers' Liability Act (FELA), and Jones Act, cases.[1] Urie v. Thompson, 1949, 337 U.S. 163, 174, 69 S.Ct. 1018, 93 L. Ed. 1282. Defendant has shown no reason for us to question our statement in New York, N. H. & H. R. R. v. Henagan, 1 Cir., 1959, 272 F.2d 153, 156, that the Supreme Court has in FELA cases "allowed juries great latitude" in the inferences that they are permitted to draw, going beyond the more-likely-than-not standard advanced by the defendant. We read the Court's reversal of our decision in Henagan, 364 U.S. 441, 81 S.Ct. 198, 5 L.Ed.2d 441 (1960), as resting on its view of the facts and what could reasonably be inferred from them, not on a question of principle. Henagan was reversed on the authority of Herdman v. Pennsylvania R. R., 1957, 352 U.S. 518, 77 S.Ct. 455, 1 L.Ed.2d 508.[2] Herdman

1. The evidentiary standard in Jones Act and FELA cases is the same. Ferguson v. Moore-McCormack Lines, Inc., 1957, 352 U.S. 521, 77 S.Ct. 459, 1 L.Ed.2d 515; Michalic v. Cleveland Tankers, Inc., 1960, 364 U.S. 325, 330–331, 81 S.Ct. 6, 5 L.Ed.2d 20 (by implication).

2. In Herdman the Court, affirming a decision for defendant, seemed to agree, in passing, with the lower courts that there was a "complete absence of probative facts to support the conclusion of negligence," 352 U.S. at 518, 77 S.Ct. at 456 (emphasis added). Herdman's actual holding was just that the doctrine of res ipsa loquitur was not applicable where the occurrence was admitted to be an ordinary event. Certainly this cannot be seen as a withdrawing from the Rogers

was one of three companion cases to Rogers v. Missouri Pac. R. R., 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, since read by the Court as its authoritative statement on sufficiency of evidence in FELA cases. *Rogers* established a broad standard, holding the test of sufficiency to be merely "whether the proofs justify with reason the conclusion \* \* \*. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes," including plaintiff's own negligence. 352 U.S. at 506, 77 S.Ct. at 448. This language is consistent with that of an earlier case, Lavender v. Kurn, 1946, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 where the Court said, "Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. \* \* \* [W]here, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion." By this language the Court has evidently rejected any test as strict as appellant's more-probable-than-not standard for limiting jury inferences. In these cases, and in later ones resting on their authority, cited post, the Court has allowed jury inferences as to both the cause of an accident and as to the presence of negligence, on the basis of evidence which reasonably supports the inferences but does not make them more probable than not. For a collection of some such cases see Sinkler v. Missouri Pac. R. R., 1958, 356 U.S. 326, 332 n. 1, 78 S.Ct. 758, 2 L.Ed.2d 799. (Harlan, J., dissenting).

■■ In the present case we believe, without pausing to discuss it, that the evidence warranted the jury in finding it more probable than not that it was not plaintiff who brought squash onto the stairs, satisfying even defendant's rule. But were we mistaken in this analysis, under the more liberal FELA

rule, stated ante, it is enough that we conclude that this inference favorable to the plaintiff was reasonable on the evidence given, and therefore open even though another was equally warrantable. *See, e. g.,* Gallick v. Baltimore & O. R. R., 1963, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (jury could infer insect bite came from insect from defendant's stagnant pool rather than from elsewhere); McBride v. Toledo Terminal R. R., 1957, 354 U.S. 517, 77 S.Ct. 1398, 1 L.Ed.2d 1534 (jury could infer that plaintiff slipped due to inadequate lighting, rather than, or in addition to, ice on ladder); Schulz v. Pennsylvania R. R., 1956, 350 U.S. 523, 76 S.Ct. 608, 100 L. Ed. 668 (where there was no evidence as to how decedent fell, but lighting was known to be inadequate, jury could infer that fall was caused by inadequate lighting); Lavender v. Kurn, ante (jury could infer that decedent was hit by mail hook on passing train, rather than by assailants, with no more evidence of one than the other).

Once the jury had inferred that the squash was tracked onto the stairs by another member of the crew, it was reasonable then to infer negligence, either in the act of tracking it in, or in the galley man's failure to remove it. The Court has permitted similar inferences of negligence solely from the existence of a dangerous condition. *See* Harris v. Pennsylvania R. R., 1959, 361 U.S. 15, 80 S.Ct. 22, 4 L.Ed.2d 1 (no direct evidence of negligence in inspection that failed to discover and remove grease on railroad tie, or as to positioning of tie.)

Permitting inferences from the situation itself amounts to a use of the principle of res ipsa loquitur, though *Harris* was not phrased in those terms. The Court had earlier recognized the res ipsa rationale for permitting such inferences. In Jesionowski v. Boston & M. R. R., 1947, 329 U.S. 452, 67 S.Ct. 401, 91 L. Ed. 416 (negligence responsible for a derailment), citing Sweeney v. Erving,

standard, set up the same day, quoted here in text. Neither, then, do we see

*Henagan*, apparently seen by the Court as the same case, as such a withdrawal.

**124**

1913, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815, the Court refused to be constricted by the formal prerequisite of common law res ipsa, that all of the probable causative factors involved be in the control of the defendant. It ruled that the basic principle applied simply because the accident was an "extraordinary" occurrence and therefore, once the jury believed that the plaintiff was not himself responsible, the remaining possibilities gave rise to a justified (though not compelled) inference of negligence. See Johnson v. United States, 1948, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468 (inference of negligence from a dropped block, based on no other evidence; as in *Jesionowski*, negligence need not be the only explanation before the inference is permitted). Under this view, it is justified to allow the jury inference of negligence, on res ipsa reasoning, if the squash on a stairway was sufficiently out of the ordinary to warrant, by itself, an assumption that negligence was involved. We see no problem in applying the res ipsa principle to permit such an inference.

Because the defendant takes too favorable a view of the facts and too favorable a view of now long settled law, we remain of the opinion that this appeal lacks all merit. The petition for rehearing is denied.