Marcial **RODRIGUEZ**, Plaintiff-Appellee,

v.

**DELRAY CONNECTING RAILROAD,**
Defendant-Appellant.

No. 72-1455.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 29, 1972.

Decided Feb. 13, 1973.

E. M. Kronk, Detroit, Mich., for defendant-appellant; Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., and Addison D. Connor, Detroit, Mich., of counsel, on brief.

L. S. Charfoos, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

Marcial Rodriguez, the appellee, is an employee of the Delray Connecting Railroad, the appellant. He was injured while on the job during an attempt to loosen spikes with a sledge hammer type object known as a spike maul. The particular operation called for one man to loosen rusty spikes with the spike maul followed by other workmen removing the spike with a crow bar. During the occasion in question, Rodriguez, a Spanish speaking employee, had struck a spike several times and was in the midst of another swing when his co-worker, another Spanish speaking employee, stated, "esta bueno" ("that's good" or "that's good enough"). Rodriguez testified that he then tried to stop his swing thereby injuring his back.

Rodriguez brought this action under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. § 51, alleging the negligent interruption of his swing and failure of the railroad to provide reason-

ably safe tools.[1] The jury returned a verdict for plaintiff. The railroad appeals contending that a verdict should have been directed in its favor and that certain evidence was inadmissible. We affirm.

■ The Federal Employer's Liability Act consistently has been construed liberally by the courts to allow employees, injured in the course of their employment, to recover even where the negligence of the employer has been minimal.[2] However, the employee must still demonstrate some negligence and proximate cause. Herdman v. Pennsylvania RR Co., 352 U.S. 518, 520, 77 S.Ct. 455, 1 L.Ed.2d 508 (1957); Tiller v. Atlantic Coast Line RR Co., 318 U.S. 54, 67, 63 S.Ct. 444, 87 L.Ed. 610 (1943).

The quantum of fault necessary to support a finding of employer liability was resolved by the Supreme Court in Rogers v. Missouri Pac. RR Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, rehearing denied, 353 U.S. 943, 77 S.Ct. 808, 1 L.Ed.2d 764 (1957), wherein the Court stated:

> "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."

*See also* Ross v. Chesapeake & Ohio Ry. Co., 421 F.2d 328 (6th Cir. 1970).

■ Dean Prosser has written that under this test jury verdicts for the employee can be sustained upon evidence which would not be sufficient in the ordinary negligence action. Prosser, Torts (4th ed. 1971) § 80 p. 536. Professor Moore argues that where this minimal amount of evidence is sufficient to withstand a motion for a directed verdict, the federal courts in fact, if not in name, have adopted the "scintilla rule." 5A Moore's Federal Practice, ¶ 50.02[1]; *See* Harlan, J., dissenting in Ferguson v. Moore-McCormick Lines, 352 U.S. 521, 563–564, 77 S.Ct. 459, 1 L.Ed.2d 515 (1957).[3] While we expressly disclaim any intention of adopting this rule in this Circuit, we conclude that under the foregoing Supreme Court decisions we cannot say that the District Court committed reversible error in denying the railroad's motion for a directed verdict.

In determining whether the motions for a directed verdict and for judgment notwithstanding the verdict should have been granted, we must consider the evidence in the light most favorable to the plaintiff and to accord him the benefit of all inferences which the evidence fairly supports. Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S.

---

1. 45 U.S.C. § 51 provides in part:
   "Every common carrier * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

2. See for example, Gallick v. Baltimore & Ohio RR Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963) (Railroad held liable where an employee was bitten by an insect. Negligence was found in permitting a stagnant pool of water to exist that attracted vermin and insects.); Webb v. Illinois Central RR Co., 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed.2d 503, rehear-

ing denied, 353 U.S. 943, 77 S.Ct. 809, 1 L.Ed.2d 764 (1957) (Railroad found liable where an employee slipped on a cinder embedded in a roadbed.); Tennant v. Peoria & Pekin Union RR Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520, rehearing denied, 321 U.S. 802, 64 S.Ct. 610, 88 L.Ed. 1089 (1944) (Railroad found liable where one of its engineers failed to ring a bell before starting the locomotive.)

3. It should be noted that in pre-*Rogers* cases the Court stated that even in F.E. L.A. cases the plaintiff must present more than a scintilla of evidence before the case may properly be submitted to the jury. Brady v. Southern Ry. Co., 320 U.S. 476, 479, 64 S.Ct. 232, 88 L.Ed. 239 (1943); Western & Atlantic RR Co. v. Hughes, 278 U.S. 496, 498, 49 S.Ct. 231, 73 L.Ed. 473 (1929).

690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962); Sove v. Smith, 355 F.2d 264 (6th Cir. 1966).

Plaintiff charged negligence in the failure of the railroad to provide adequate tools. In support of this theory evidence of an alternative tool for spike removal was presented. Plaintiff's witness, Mr. Rushmer, testified that his company had been marketing an automatic spike puller since 1954. This tool eliminated the need for the maul and crow bar in most situations.

■■ Generally a railroad's responsibility in this regard is to provide tools that are reasonably safe and suitable for the use of the employee. Chicago & N. W. R.R. Co. v. Bower, 241 U.S. 470, 36 S.Ct. 624, 60 L.Ed. 1107 (1951). What is "reasonably" safe is affected to some extent by the alternatives. Here there was testimony that safety was an advantage of the hydraulic spike remover. In view of this evidence and considering the special treatment afforded F.E.L.A. cases, we cannot say that the jury was not entitled to find the old maul method "unreasonable." Ferguson v. Moore-McCormick Lines, Inc., *supra*.

In view of our disposition of the issue of failure to provide reasonably safe tools, it is not necessary in this opinion to pass upon plaintiff's alternative theory of negligence.

We also must reject the railroad's contention that evidence regarding the automatic spike puller was irrelevant. As stated above, alternatives often have a significant bearing on what is "reasonable." *See* Stone v. New York, C. & St. L. RR Co., 344 U.S. 407, 73 S.Ct. 358, 97 L.Ed. 441, rehearing denied, 345 U.S. 914, 73 S.Ct. 639, 97 L.Ed. 1348 (1953), wherein evidence of three alternative methods of track tie removal was admitted.

■ The railroad's next contention is that testimony regarding the use of the hydraulic spike remover by other railroads is inadmissible. We hold that the District Court did not abuse its discretion in permitting Rodriguez to present evidence on redirect after the defense the issue. The equipment used by other railroads had never been mentioned prior to defense counsel's question to the witness Rushmer on cross examination. At that time the witness was asked if the machine was used by the Detroit Terminal. The District Court did not err in permitting plaintiff to elicit further evidence on this subject. I Wighad "opened the door" by first raising more, Evidence, § 15 (3rd ed. 1940); McCormick, Evidence § 57 (1954).

Evidence on the practices of other railroads is generally admissible in F.E.L.A. actions. Baltimore & Ohio RR. Co. v. Groeger, 266 U.S. 521, 45 S.Ct. 169, 69 L.Ed. 419 (1925); Schwer v. New York, C & St. L. RR. Co., 161 Ohio St. 15, 117 N.E.2d 696 (1954).

Affirmed.