883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroy ROGERS, Jr., Plaintiff-Appellee,
v.
SOUTHERN RAILWAY COMPANY, Defendant-Appellant.
 No. 88-1365.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1989.
Decided Aug. 11, 1989.
 
 Roy McBee Smith (Smith and Haskell on brief) for appellant.
 Gary W. Poliakoff (Poliakoff, Poole & Associates, Tony J. Lister, Lister & Couch on brief) for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and HADEN, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Southern Railway Company appeals from the district court's order denying its motions for judgment notwithstanding the verdict and for new trial. Southern contends that the court erred in denying its motions because plaintiff failed to prove slight negligence as a proximate cause of his injury. Trial of this action concluded with a $121,000.00 verdict in plaintiff's favor. We affirm.
 
 
 2
 This action is brought under the Federal Employers Liability Act, 45 U.S.C. Sec. 51-60 (FELA). Plaintiff was injured while assisting two carmen in freeing a stuck boxcar door. When the door opened, plaintiff's right hand was caught between the side of the door and the boxcar. Plaintiff alleged that this injury caused him to be permanently disabled.
 
 
 3
 Southern argues that there was insufficient evidence to support the jury's finding that it was negligent. In support of this argument Southern refers to one of its safety bulletins which advised that if two men cannot open a stuck door without straining, a come-along or other mechanical device is to be used. Southern further produced evidence that its carmen were warned at safety meetings not to place their hands on the ends of boxcar doors.
 
 
 4
 Our review of the record indicates that Southern was unable to establish at trial that plaintiff received notice of the relevant safety bulletin or that he was otherwise directly warned of the danger. These facts, considered with the well established FELA rule that the statute is to be liberally construed to allow recovery by injured employees even where negligence of the employer is minimal, Rodriguez v. Del Ray Connecting Railroad, 473 F.2d 819 (6th Cir.1973), satisfies us that there was sufficient evidence in the record of Southern's negligence to permit the jury to consider and resolve the issue of liability in favor of Mr. Rogers.
 
 
 5
 AFFIRMED.