81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helene ZIEMAN, Plaintiff-Appellant,
v.
CITY OF DETROIT, Albert M. Bursey, Defendants,
Estate of Melvin Richards, James Buriss, and Gerald Newkirk,
Jointly and Severally, Defendants-Appellees.
 No. 94-1660.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1996.
 
 Before: MARTIN and RYAN, Circuit Judges; and KATZ, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, Helene Zieman, appeals from a jury verdict of no cause in this 42 U.S.C. § 1983 civil rights action against several City of Detroit police officers. Plaintiff brought suit alleging false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, conspiracy to deny her constitutional rights, and violations of her federal rights under the Fourth, Sixth, and Fourteenth Amendments. Plaintiff claims the district court erred in denying her motion for a directed verdict, and in several evidentiary rulings.
 
 
 2
 We hold that the plaintiff waived two of the issues she raises on appeal, and that she has no standing to object to the evidentiary decisions from which she appeals. Accordingly, we affirm the judgment of the district court.
 
 I.
 
 3
 Helene Zieman filed this action because of her arrest and detention on charges of "disorderly conduct," and of "interfering with a city employee." The defendants contend that Zieman was attempting to prevent Detroit police officers from arresting her mother, for whom the police had an arrest warrant. We note at the outset that plaintiff's mother, Adele Zieman, is not a party to this case, and the details supporting the issuance of the warrant for her arrest are irrelevant and should not have been introduced at trial. However, because the plaintiff challenged the validity of the warrant in her case in chief, the related facts are inextricably linked with the issues on appeal. Accordingly, we discuss them briefly.
 
 
 4
 Zieman's encounter with the defendants, Officers Newkirk, Bursey, and Buriss,[1] occurred when these police officers were conducting a surveillance of plaintiff's mother's house for the purpose of executing the arrest warrant. Armed with the warrant and a description of Adele Zieman, defendants' instructions were to arrest this "elderly white female" when she left her home. Plaintiff and her mother were inside Adele Zieman's house that morning, and approximately thirty minutes after the police began their surveillance, plaintiff and her mother left the house together and entered the vehicle that was parked in Adele Zieman's driveway. A police check revealed that the vehicle was registered to Adele Zieman.
 
 
 5
 As Officer Bursey observed mother and daughter drive away from the house, he noticed that Helene Zieman, who was driving, made a "rolling stop" at the corner intersection. He ordered plaintiff to stop the vehicle and informed her that she had been stopped because she had committed a traffic violation, and because there was an arrest warrant for her passenger. Bursey asked plaintiff for her driver's license. He also asked for the name of her passenger, which, according to Bursey, plaintiff refused to give. Bursey returned to his patrol car to run a lien check on Helene Zieman's license. He then radioed for backup support and presently Sergeant Newkirk and Officer Buriss arrived at the scene.
 
 
 6
 When Buriss and Newkirk arrived, all three officers approached Zieman's car. According to defendants, Newkirk informed plaintiff that the officers had a warrant for Adele Zieman's arrest and asked plaintiff for the name of her passenger, which Zieman refused to give. Plaintiff exited her vehicle and locked it, leaving the keys and her mother inside. Bursey informed plaintiff that she was interfering with a city official and that if she refused to open the door he would call a tow truck. Plaintiff opened the door and when Newkirk attempted to speak to Adele Zieman, plaintiff told her mother that she did not have to tell the police anything.
 
 
 7
 As Newkirk was attempting to speak to Adele Zieman through the opened door on the driver's side of the vehicle, plaintiff attempted to get into the vehicle by pushing him with her left side. Newkirk instructed Bursey to arrest Helene Zieman for interfering with a city official. Zieman denied that she was attempting to get back into her vehicle, and stated that she was merely attempting to shut the engine off. Defendants testified that plaintiff had resisted arrest initially, and that she raised the tone of her voice. Immediately after her daughter was arrested, Adele Zieman exited the vehicle and said "enough is enough." Both women were placed in custody and taken to the police station. Plaintiff appeals none of the issues arising from her custodial detention and thus we do not discuss any of the facts occurring during the detention.
 
 
 8
 The case was tried to a jury which returned a verdict of no cause in favor of defendants. After the jury returned its verdict the plaintiff moved for a directed verdict, which was denied. Plaintiff then filed this timely appeal.
 
 II.
 A.
 
 9
 We address first the plaintiff's claim that the district court erred in denying her motion for a directed verdict. This court reviews a denial of judgment as a matter of law under the same standard used by the district court. Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 114 S.Ct. 175 (1993). It does not weigh the evidence, make credibility determinations, or substitute its judgment for that of the jury. Phelps, 986 F.2d at 1023. It reviews the evidence in the light most favorable to the nonmoving party, and gives the nonmovant the benefit of all reasonable inferences. Id. A denial of judgment as a matter of law will be affirmed if reasonable minds could not come to a conclusion other than one in favor of the moving party. Id.
 
 
 10
 Plaintiff moved for a directed verdict after the jury returned its verdict and argues on appeal that her motion should have been granted because the warrant issued for her mother's arrest was invalid as a matter of law. We hold that the plaintiff has waived the right to challenge the denial of a motion for judgment as a matter of law for failure to comply with the requirements of Fed.R.Civ.P. 50(a)(2).
 
 
 11
 Rule 50(a)(2) requires parties to move for judgment as a matter of law "at any time before submission of the case to the jury." Fed.R.Civ.P. 50(a)(2) (emphasis added). Failure to comply with the requirements of the rule constitutes a waiver of the right to challenge the sufficiency of the evidence. See Libbey-Owens-Ford Co. v. Ins. Co. of North America, 9 F.3d 422, 426 (6th Cir.1993). The purpose of requiring that a party present its motion before the jury retires to deliberate "is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment." Fed.R.Civ.P. 50 advisory committee's notes. "At one time, this requirement was held to be of constitutional stature, being compelled by the Seventh Amendment." Id.; see also, Libbey-Owens, 9 F.3d at 426.
 
 
 12
 Even if we were to treat plaintiff's directed verdict motion as a motion for judgment notwithstanding the verdict under Rule 50(b), it is a well-settled rule that a court may consider a motion for judgment notwithstanding the verdict only if the moving party has previously made a motion for a directed verdict prior to the jury retiring to deliberate. See Portage II v. Bryant Petroleum Corp., 899 F.2d 1514, 1522 (6th Cir.1990). "Therefore, a party who has failed to move for a directed verdict at the close of all the evidence, can neither ask the district court to rule on the legal sufficiency of the evidence supporting a verdict for his opponent nor raise the question on appeal." Portage II, 899 F.2d at 1522. Indeed, in these circumstances, the appellate court is "powerless" to review the sufficiency of the evidence. Id. (citations omitted).
 
 
 13
 We note, in all events, that plaintiff lacks standing, both in this appeal and in the proceedings below, to challenge the legal validity of her mother's arrest warrant.
 
 B.
 
 14
 Plaintiff's next assignment of error involves the district court's decision to exclude a statement of admission allegedly "adopted" by defendant Newkirk. Whether proffered evidence constitutes inadmissible hearsay is a determination subject to de novo review. United States v. Levy, 904 F.2d 1026, 1029 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). However, because plaintiff failed to make an offer of proof with respect to this alleged statement as required by Fed.R.Evid. 103(a)(2), we hold that she has waived the right to challenge the court's decision on appeal, and we shall review the district court's ruling only for plain error. See Jones v. Berry, 880 F.2d 670, 673 (2nd Cir.1989). However, as a practical matter, plaintiff's failure to make an offer of proof makes this issue almost unreviewable because the record does not reveal what the purported statement would have been, who made it, and why or how Newkirk adopted it. The only information we are given on this issue is plaintiff's generalized assertion in her brief that Newkirk "adopted" a statement: "Defendant Newkirk told then fater (sic) their arrest that the mother was racial (sic)." And indeed, the district court was never advised that the statement plaintiff was trying to introduce was being offered as an admission, adoptive or otherwise. We hold it was not plainly erroneous to exclude the statement. Whatever the statement would have been, it could not have been so "rank" as to have endangered the fairness of the proceedings or called into question the public reputation of the trial. United States v. Goodblett, 3 F.3d 976, 978 (6th Cir.1993).
 
 C.
 
 15
 Plaintiff's third assignment of error challenges on relevancy grounds the district court's decision to receive in evidence defendants' testimony concerning the facts that led to the issuance of the warrant for Adele Zieman's arrest. Because the district court has broad discretion to determine matters of relevance, we review relevancy rulings for an abuse of discretion. Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 587 (6th Cir.1994).
 
 
 16
 We hold that plaintiff waived the right to challenge the relevancy of the testimony elicited by the defendants by "opening the door" to such testimony. Under the doctrine of "curative admissibility" or the "opening the door" rule, the introduction of inadmissible evidence by one party opens the door for an opponent to introduce evidence on the same subject to rebut any false impression that was given. See United States v. Whitworth, 856 F.2d 1268, 1285 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989). Applying this principle, this court has held repeatedly that, "when a party opens up a subject, even though it may not be strictly relevant to the case, he cannot complain on appeal if the opposing party introduces evidence on the same subject." United States v. Ramos, 861 F.2d 461, 468-69 (6th Cir.1988), cert. denied, 489 U.S. 1071 (1989) (citations omitted); see also, Francis v. Clark Equipment Co., 993 F.2d 545, 550 (6th Cir.1993).
 
 
 17
 Plaintiff herself introduced before the jury the issues about which she complains. She alleged in her complaint the details surrounding the condition of her mother's property; the disrepair of which led to the issuance of an arrest warrant. She argued to the jury in her opening statement that she would show that "the initial warrant for her mother was without probable cause ..." and that the "conditions about which the neighbors complain were largely cured by June of 1991." She also charged the defendants with illegal motives, discrimination, bigotry, and racism, for arresting her mother. Under normal circumstances, most of the evidence introduced in this case would not have been permitted, and indeed, most of the issues that were litigated should not have been presented to the jury. But once the irrelevant history of the issuance of the arrest warrant was paraded before the jury by the plaintiff, it was not an abuse of discretion to permit the defendants to rebut any facts plaintiff put into issue.
 
 
 18
 We hold that by "opening the door," Zieman lacks standing to challenge the relevancy of evidence dealing with facts she put into issue. See MCCORMICK ON EVIDENCE § 57 (4th ed. 1992); and Rodriguez v. Delray Connecting R.R., 473 F.2d 819, 821 (6th Cir.1973).
 
 D.
 
 19
 Plaintiff's final assignment of error challenges the district court's decision to permit defendants to display for the jury a three minute videotape depicting the conditions of her mother's home. Plaintiff challenges the video on the grounds that it lacked foundation, and that it was irrelevant and unfairly prejudicial. We disagree.
 
 
 20
 The district court has wide discretion to permit the use of demonstrative evidence. See United States v. Paulino, 935 F.2d 739, 753 (6th Cir.), cert. denied, 502 U.S. 914 (1991). As we have stated, plaintiff waived the right to challenge, on relevancy grounds, the showing of the videotape by "opening the door" to the introduction of this testimony. We hold it was not an abuse of discretion to permit the jury to view a three minute videotape depicting the condition of a house about which witnesses for both parties testified for three days.
 
 
 21
 Moreover, the plaintiff's challenge to the admission of the videotape on authentication grounds is meritless. All that is required to establish a foundation for the admission of demonstrative evidence under Fed.R.Evid. 901(a) is the testimony of a witness stating that the item is what its proponent claims it to be. There is no requirement that the proponent show by whom, how, or when the videotape was made. This requirement was amply satisfied in this case and therefore we find plaintiff's contentions to be without merit.
 
 III.
 
 22
 For the reasons stated above, the judgment entered below is hereby AFFIRMED.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Defendant Buriss and the City of Detroit were dismissed from the case upon plaintiff's oral motion on the third day of trial. They are not parties to this appeal